UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

======================================

JOSEPH LEVILEV individually and
on behalf of all others similarly situated

                  Plaintiff,

   -against-

BUREAU OF COLLECTION RECOVERY, LLC

                  Defendant.

======================================

### CLASS ACTION COMPLAINT

*Introduction*

1) Plaintiff Joseph Levilev files this Complaint seeking redress for the illegal practices of Bureau of Collection Recovery, LLC, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ('FDCPA').

2) Plaintiff is a citizen of the State of New York who resides within this District.

3) Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4) The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5) Upon information and belief, Defendant's principal place of business is located within Eden Prairie, Minnesota.

6) Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7) Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C.§1692(a)(6).

### Jurisdiction and Venue

8) This Court has federal question jurisdiction under 15 U.S.C.§1692k(d) and 28 U.S.C.§1331.

9) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### Allegations Particular to Joseph Levilev

10) Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11) On or about August 10, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12) Said letter stated the "Principal Balance" as $3,665.45, "Collection Fees" as $659.78, and the "Total Amount Due" as $4,325.23.

13) The Defendant's statement in said letter of "Collection Fees" is a representation of an 18% Collection Fee.

14) The Collection Fee represented Bureau of Collection Recovery, LLC's anticipated compensation for collecting the Accounts.

15) The Collection Fee was a contingent fee agreed to by Bureau of Collection Recovery, LLC and each of the Original Creditors, i.e. the Collection Fee was a predetermined percentage of the total amount recovered for each Original Creditor.

16) Only when Bureau of Collection Recovery, LLC was successful in recovering all or part of the principal amount was it entitled to its contingent fee.

17) If Bureau of Collection Recovery, LLC did not recover funds, it was not entitled to any fees.

18) At the time the said August 10, 2013 letter was sent to the Plaintiff no funds had been recovered by Bureau of Collection Recovery, LLC on behalf of the Original Creditors.

19) Because nothing had been recovered, Bureau of Collection Recovery, LLC was not entitled to its contingent compensation and the Plaintiff was not liable for the Collection Fees.

20) The Collection Fees bear no relation to and are substantially greater than costs actually incurred by Bureau of Collection Recovery, LLC or the Original Creditor in its attempt to collect the Account.

21) The representation that 18% Collection Fees are owed violates 15 U.S.C. §1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

Seeger v. AFNI, Inc., 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a class action.), Seeger v. AFNI, Inc., 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s demand for an additional 15% collection fee violated §1692f(1) since the charge was not authorized by law or the underlying contract; applicable state law only permitted such a recovery if the amount was actually incurred as an out-of-pocket cost of collection and not, as attempted here, to unlawfully 'permit[ ] a third-party purchaser of an account to recover its internal costs.'), See also. Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §1692f(1) and 1692e(2). The complaint involved a collection letter including the language 'you can now pay by automated phone system or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.')

22) Said letter violated 15 U.S.C.§1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1) for attempting to collect prohibited 18% collection fees.

### CLASS ALLEGATIONS

23) This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

24) The identities of all class members are readily ascertainable from the records of Bureau of Collection Recovery, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

25) Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Bureau of Collection Recovery, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

26) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

27) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

28) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

29) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

30) Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

31) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32) Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiff individually and the members of a class, as against the Defendant.*

33) Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty two (32) as if set forth fully in this cause of action.

34) This cause of action is brought on behalf of Plaintiff and the members of a class.

35) The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter; (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to AT&T MOBILITY; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

36) Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

  (a) Based on the fact that a collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters *i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

37) A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C.§1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the

establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

38) If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39) Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

40) The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

41) The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C.§1692(k);

and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
August 11, 2013

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

/s/ David Palace
David Palace esq. (DP 3855)

Department # 1456
P.O. Box 1259
Oaks, PA 19456

For Processing of Return Mail only.
Do not send correspondence to this address.

**Bureau of Collection Recovery LLC**

7575 Corporate Way
Eden Prairie, MN 55344
877-788-1070

Levilev, Joseph
801 MONTGOMERY ST
BROOKLYN NY 11213-5243

15477 - 161

Date: 08/10/12
Creditor: AT&T MOBILITY
Principal Balance: $3,665.45
Collection Fees: $659.78
Total Amount Due: $4,325.23
Account Number: 71848152
Creditor Number: 512001497526

## FDCPA Notice

Dear JOSEPH LEVILEV:

The above-listed unpaid account has been placed with this agency for collection. It is our desire to assist you in this matter. Please make your payment directly to the address listed below.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe a total amount of $4,325.23.

Our client is offering a discount on the balance. Upon receipt of $3,027.66 cleared funds, your account will be considered settled.

**Hours of Operation (Central Time)**
Monday - Thursday 8am - 9pm, Friday 8am - 5pm
Saturday 8am - 1pm

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Sincerely,
Bureau of Collection Recovery
877-788-1070
Bureau of Collection Recovery LLC

-------Please detach and return in the enclosed envelope with your payment-------

LEVILEV, JOSEPH
801 MONTGOMERY ST
BROOKLYN NY 11213-5243

Date: 08/10/12
Account Number: 71848152
Creditor: AT&T MOBILITY
Principal Balance: $3,665.45
Collection Fee: $659.78
Amount Due: $4,325.23
Amount Remitted: $_____

Pay online at: http://payments.bureauofcollection.com

Mail payment to:

Bureau of Collection Recovery LLC
7575 Corporate Way
Eden Prairie, MN 55344

**PLEASE NOTE CHANGES TO YOUR ADDRESS OR PHONE NUMBER BELOW.**

_____
_____

HOME #:_____
WORK #:_____

1097

A20-030303030300            15477 - 161



We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

**CALIFORNIA RESIDENTS:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**COLORADO** RESIDENTS: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt

**MASSACHUSETTS** RESIDENTS:
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**MINNESOTA** RESIDENTS: THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**NEW YORK CITY:** New York City Department of Consumer Affairs License Number 1150415.

**NORTH CAROLINA:** North Carolina Permit Number 1074.
Our name and address is Bureau of Collection Recovery, 7575 Corporate Way, Eden Prairie, MN 55344.

**TENNESSEE** RESIDENTS: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**WISCONSIN** RESIDENTS: This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.